

February 27th, 2023

Sent via UPS:

Yvette C Johnson
c/o SCOTT TANNE
4 CHATHAM RD
SUMMIT, New Jersey 07901

Re:     **Modification Agreement (Loan No.:** ▮▮▮▮ )

Dear Yvette C Johnson:

     Pursuant to your request, enclosed are three (3) copies of the Modification Agreement, which must be signed, notarized, and returned to RUTH RUHL, P.C. by March 13th, 2023.

     You must each sign all copies of the documents before a notary public and two (2) witnesses. The notary may sign as a witness, but if so, he/she **must sign each document twice** — once in a space provided for the witnesses' signatures and once in the space provided for the notary's signature. Mail two (2) sets of the signed documents back to Fay Servicing using the enclosed pre-paid UPS Envelope by March 13th, 2023. Fay Servicing requests two copies to ensure a backup is always retained. Keep one set of signed documents for your records. A countersigned copy of the Modification Agreement will be sent to you for your records as well.

     The Agreement changes the monthly principal and interest amount of your payment to $1,012.83, effective March 1st, 2023. The taxes and insurance portion of the monthly payment is $861.55 with a total payment of $1,874.38 due March 1st, 2023. Please note that the tax and insurance payment amount is subject to change upon escrow analysis. If you are currently making payments under a repayment agreement, you are responsible for continuing your payments through the effective date of the Agreement. Failure to make the payments may result in Fay's rescission of this loss mitigation option. The amount payable under the Note and Security Instrument (the "New Unpaid Principal Balance") may include deferred amounts that were not previously interest bearing.

If you have any questions or concerns, please do not hesitate to contact me at KREID@FAYSERVICING.COM or (800) 495-7166.

Sincerely,

KENDALL REID
**Account Manager**

Fay Servicing, LLC is a debt collector, and information you provide to us will be used for that purpose. To the extent your original obligation was discharged, or is subject to an automatic stay under the United States Bankruptcy Code, this is being provided for informational purposes only and does not constitute an attempt to collect a debt or impose personal liability. Our office hours are Monday-Thursday 8 a.m. – 7 p.m. Friday 8 a.m. – 5 p.m., and Saturday 9 a.m. – 12 p.m. CST. Call today: 1-800-495-7166. NMLS ID # 88244. NC residents: Fay Servicing, LLC, NC Permit Number 112302, CA borrowers: CRMLA License Number 4130976 and CFL License Number 60DBO-82792, 8001 Woodland Center Blvd, Suite 100, Tampa, FL 33614.

After Recording Return To:
RUTH RUHL, P.C.
Attn: Recording Department
12700 Park Central Drive, Suite 850
Dallas, Texas 75251

_____[Space Above This Line For Recording Data]_____

Loan No.: ▓▓▓▓
Investor Loan No.: 001

# LOAN MODIFICATION AGREEMENT
(Providing for Fixed Interest Rate)

This Loan Modification Agreement ("Agreement"), made this 27th day of February, 2023, between Yvette C Johnson ("Borrower/Grantor") and NWL Company, LLC by Fay Servicing, LLC as Attorney in Fact, whose address is 440 S. LaSalle St., Chicago, Illinois 60605 ("Lender/Grantee"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated June 30th, 1998, recorded July 8th, 1998, and recorded in Book/Liber 6752, Page 0123, Instrument No. 95031, of the Official Records of UNION County, New Jersey, and (2) the Note in the amount of U.S. $136,100.00, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property," located at 754 JEFFERSON AVENUE, ELIZABETH, New Jersey 07201,

NEW JERSEY LOAN MODIFICATION AGREEMENT                                         Page 1 of 6

Loan No.: ▮

the real property described being set forth as follows:
SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.
SEE EXHIBIT "B" ATTACHED HERETO AND MADE A PART HEREOF.

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of March 1st, 2023, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. $150,000.00, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of 6.700%, from February 1st, 2023. Borrower promises to make monthly payments of principal and interest of U.S. $1,012.83, beginning on the 1st day of March, 2023, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. The yearly rate of 6.700% will remain in effect until principal and interest are paid in full. If on May 1st, 2049, (the "Maturity Date"), Borrower still owe amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, the Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the specified date in paragraph No. 1 above:

(a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

(b) all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

Loan No.: ▮▮▮▮

5. Borrower understands and agrees that:

(a) All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

(b) All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

(c) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

(d) All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

(e) Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

(f) Borrower authorizes Lender, and Lender's successors and assigns, to share Borrower information including, but not limited to (i) name, address, and telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, (v) payment history, (vi) account balances and activity, including information about any modification or foreclosure relief programs, with Third Parties that can assist Lender and Borrower in obtaining a foreclosure prevention alternative, or otherwise provide support services related to Borrower's loan. For purposes of this section, Third Parties include a counseling agency, state or local Housing Finance Agency or similar entity, any insurer, guarantor, or servicer that insures, guarantees, or services Borrower's loan or any other mortgage loan secured by the Property on which Borrower is obligated, or to any companies that perform support services to them in connection with Borrower's loan.

Borrower consents to being contacted by Lender or Third Parties concerning mortgage assistance relating to Borrower's loan including the trial period plan to modify Borrower's loan, at any telephone number, including mobile telephone number, or email address Borrower has provided to Lender or Third Parties.

By checking this box, Borrower also consents to being contacted by text messaging☐.

6. If applicable, by this paragraph, Lender is notifying Borrower that any prior waiver by Lender of Borrower's obligations to pay to Lender Funds for any or all Escrow Items is hereby revoked, and Borrower has been advised of the amount needed to fully fund the Escrow Items.

7. Borrower will pay to Lender on the day payments are due under the Loan Documents as amended by this Agreement, until the Loan is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Mortgage as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under the Loan Documents; (d) mortgage insurance premiums, if any, or any sums payable to Lender in lieu of the payment of mortgage insurance premiums in accordance with the Loan Documents; and (e) any community association dues, fees, and assessments that Lender requires to be escrowed. These items are called "Escrow Items." Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been

Loan No.: ▮

waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in the Loan Documents, as the phrase "covenant and agreement" is used in the Loan Documents. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under the Loan Documents and this Agreement and pay such amount and Borrower shall then be obligated to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with the Loan Documents, and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this paragraph.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under the Real Estate Settlement Procedures Act ("RESPA"), and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Unless an agreement is made in writing or applicable law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender and Borrower can agree in writing, however, that interest shall be paid on the Funds. Lender shall provide Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by the Loan Documents, Lender shall promptly refund Borrower any Funds held by Lender.

Loan No.: ▓▓▓▓

__4-3-23_____     __Yvette C Johnson_____(Seal)
Date                            Yvette C Johnson      –Borrower

_____         _____(Seal)
Date                                                  –Borrower

_____         _____(Seal)
Date                                                  –Borrower

_____         _____(Seal)
Date                                                  –Borrower

## BORROWER ACKNOWLEDGMENT

State of __New Jersey__  §
                          § ss.
County of __Union__      §

I certify that on __April 3rd__, __2023__, Yvette C Johnson, personally came before me and stated to my satisfaction that this person (or if more than one, each person):

(a) was the maker of the attached document; and
(b) executed this document as his or her own act.

**AYNOA HERDOIZA**
Notary Public
State of New Jersey
My Commission Expires May 29, 2024
I.D.# 2459048

Name _____
__Aynoa Herdoiza__
Type or Print Name of Notary

Notary Public
Title
My Commission Expires: __05/29/2024__

ACKNOWLEDGMENT (NEW JERSEY)                                        Page 5 of 6

Loan No.: ███

NWL Company, LLC by Fay Servicing,
LLC as Attorney in Fact             —Lender

_____     -Date

By: _____

Printed Name: _____

Its: _____

## LENDER ACKNOWLEDGMENT

State of _____ §
                      §
County of _____ §

I CERTIFY that on _____, _____, _____
personally came before me and stated to my satisfaction that this person (or if more than one, each person):
(a) was the maker of the attached instrument
(b) was authorized to and did execute this instrument as _____, of
NWL Company, LLC by Fay Servicing, LLC as Attorney in Fact

the entity named in this instrument; and,
(c) executed this instrument as the act of the entity named in this instrument.

_____
Notary Signature

_____
Type or Print Name of Notary
My Commission Expires: _____

ACKNOWLEDGMENT (NEW JERSEY)                                  Page 6 of 6

Loan No.: ▓▓▓▓

# BANKRUPTCY DISCLOSURE ADDENDUM

THIS BANKRUPTCY DISCLOSURE ADDENDUM ("Addendum") is made this 27th day of February, 2023, and is incorporated into and shall be deemed to amend and supplement the Agreement of the same date, given by the Borrower which modifies Borrower's Note and Security Instrument to Lender, and covers the Property.

In addition to the covenants and agreements made in the Agreement, Borrower and Lender covenant and agree as follows:

1. **Borrower has filed for a Chapter 13 bankruptcy and, Lender's final approval of the Loan Modification Agreement is contingent upon approval of the Agreement by the bankruptcy court, if required.**
2. AFTER execution of the Agreement, the bankruptcy court may award the Borrower a Chapter 13 bankruptcy discharge.
3. Borrower understands and acknowledges that Borrower has had an opportunity to consult an attorney of Borrower's own choosing before Borrower executed the Agreement and this Addendum, and Borrower has either consulted with an attorney or has declined the opportunity to consult with an attorney.

Except as otherwise specifically provided in this Addendum, the terms of the Agreement will remain unchanged and in full effect.

_____        _____/s/ Yvette C Johnson_____(Seal)
Date                            Yvette C Johnson            -Borrower

_____        _____(Seal)
Date                                                        -Borrower

_____        _____(Seal)
Date                                                        -Borrower

_____        _____(Seal)
Date                                                        -Borrower

BANKRUPTCY DISCLOSURE ADDENDUM                                Page 1 of 2
CHAPTER 13 ACTIVE BANKRUPTCY

Loan No.: ▮

NWL Company, LLC by Fay
Servicing, LLC as Attorney in Fact    –Lender

_____ -Date

By: _____

Its: _____

BANKRUPTCY DISCLOSURE ADDENDUM                                         Page 2 of 2
CHAPTER 13 ACTIVE BANKRUPTCY

Loan No.: ▮

**EXHIBIT "B"**
**PRIOR LOAN MODIFICATION AGREEMENT**

The Security Instrument was previously modified by a Loan Modification Agreement dated March 24th, 2014, recorded on April 2nd, 2014, in Liber or Book 13745, Page 0825, Instrument No. 586246, of the Official Records of UNION County/Parish, New Jersey.

EXHIBIT "B"

Loan No.: ▉

# NOTICE OF NO ORAL AGREEMENTS

**THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.**

**THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.**

**Receipt of Notice:** The undersigned hereby represents and warrants that I/we have each received and read a copy of this Notice on or before the execution of the "Loan Agreement." "Loan Agreement" means one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods, or any other thing of value or to otherwise extend credit or make a financial accommodation.

_____     _____
Date                                 Yvette C Johnson                -Borrower

_____     _____
Date                                                                 -Borrower

_____     _____
Date                                                                 -Borrower

_____     _____
Date                                                                 - Borrower

NOTICE OF NO ORAL AGREEMENTS (MULTISTATE)                           Page 1 of 1

Loan No.: ███

# CORRECTION AGREEMENT

**Borrower(s):** Yvette C Johnson

**Property:** 754 JEFFERSON AVENUE, ELIZABETH, New Jersey 07201

Words used in this Agreement are defined below. Words in the singular mean and include the plural and vice versa.

**"Borrower"** is Yvette C Johnson.

**"Lender"** is NWL Company, LLC by Fay Servicing, LLC as Attorney in Fact, and its successors or assigns.
**"Loan"** means the debt evidenced by the Note and all sums due under the Security Instrument.
**"Note"** means the promissory note(s) signed by Borrower in favor of Lender or any assignee of Lender.
**"Security Instrument"** means the Deed of Trust/Mortgage/Security Deed, signed by Borrower in favor of Lender, securing payment of the Note.

AGREEMENT TO CORRECT OR PROVIDE ADDITIONAL DOCUMENTATION OR FEES: In consideration of the Loan Modification Agreement offered by Lender in the amount of $150,000.00 , which modifies the Note and Security Instrument, and regardless of the reason for any loss, misplacement, omission, misstatement or inaccuracy in any Loan documentation, Borrower agrees as follows: If any document is lost, misplaced, omitted, misstated or inaccurately reflects the true and correct terms and conditions of the Loan, upon request of Lender (including any assignee of Lender), Borrower will comply with Lender's request to execute, acknowledge, initial and/or deliver to Lender any documentation Lender deems necessary to replace and/or correct the lost, misplaced, omitted, misstated or inaccurate document(s). All documents Lender requests of Borrower shall be referred to as "Requested Documents." Borrower agrees to deliver the Requested Documents within ten (10) days after receipt by Borrower of a written request for such replacement. Borrower does hereby agree to comply with Lender's request to assure that the Loan documentation executed this date will enable Lender to seek insurance or guaranty from the Department of Housing and Urban Development (HUD) or Department of Veteran's Affairs (VA), if applicable, or to conform with and be acceptable to the Federal National Mortgage Association (FNMA), Federal Home Loan Mortgage Corporation (FHLMC), Government National Mortgage Association (GNMA), or any other investor.

**REQUEST BY LENDER:** Any request under this Agreement may be made by the Lender (including assignees and persons acting on behalf of the Lender) and shall be *prima facie* evidence of the necessity for same. A written statement addressed to Borrower at the address indicated in the Loan documentation shall be considered conclusive evidence of the necessity for Requested Documents.

**BORROWER LIABILITY:** If Borrower fails or refuses to execute, acknowledge, initial or deliver the Requested Documents to Lender within ten (10) days after being requested to do so by Lender, Borrower understands that Lender is relying on the representations contained herein and agrees to be liable for any and all loss or damage which Lender reasonably sustains thereby including, but not limited to, all reasonable attorneys' fees and costs incurred by Lender.

This Agreement shall inure to the benefit of Lender's successors and assigns and be binding upon the heirs, devises, personal representatives, successors and assigns of Borrower.

## ACKNOWLEDGMENT OF RECEIPT

I hereby acknowledge receipt of this Correction Agreement and further acknowledge that I understand its provisions. Words used in this Correction Agreement mean and include the plural and vice versa.

_____    _____/s/ Yvette C. Johnson_____
Date                              Yvette C Johnson                    —Borrower

_____    _____
Date                                                                  —Borrower

_____    _____
Date                                                                  —Borrower

_____    _____
Date                                                                  —Borrower

CORRECTION AGREEMENT                                              Page 2 of 2

Loan No.: ███

# ATTORNEY SELECTION NOTICE

By signing below, it is understood and agreed that you may hire a lawyer or attorney to advise you regarding this transaction and its consequences.

_____    _*signature*_ Yvette C Johnson
Date                          Yvette C Johnson                    —Borrower

_____    _____
Date                                                              —Borrower

_____    _____
Date                                                              —Borrower

_____    _____
Date                                                              — Borrower

ATTORNEY SELECTION NOTICE –MULTISTATE                              Page 1 of 1